NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0036n.06

No. 19-3579

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| EDY ESTUARDO AROCHE-JUAREZ, | ) | **FILED** |
|  | ) | Jan 22, 2020 |
| Petitioner, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON PETITION FOR REVIEW |
|  | ) | FROM THE UNITED STATES |
| WILLIAM P. BARR, Attorney General, | ) | BOARD OF IMMIGRATION |
|  | ) | APPEALS |
| Respondent. | ) |  |
|  | ) |  |

Before: ROGERS, KETHLEDGE and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. In 2014, the Department of Homeland Security initiated removal proceedings against petitioner Edy Estuardo Aroche-Juarez, a Guatemalan citizen who was unlawfully present in the United States. During those proceedings, Aroche-Juarez admitted that he was not authorized to be in the country, but he argued that he was eligible for relief under 8 U.S.C. § 1229b(b)(1). That provision grants the Attorney General discretion to cancel an alien's removal if, among other things, the removal would cause an "exceptional and extremely unusual hardship" to the alien's family members who were lawfully present in the United States.

An immigration judge determined that Aroche-Juarez's removal would not cause that level of extreme hardship to his two children, who are U.S. citizens. The IJ therefore denied relief. *See* 8 U.S.C. § 1229b(b)(1)(D). Aroche-Juarez appealed to the Board of Immigration Appeals, which affirmed. This petition followed.

Aroche-Juarez argues that the Board violated his right to due process because, he says, it failed to "take as a whole" the effect that his removal would have on his children. When an alien appeals the government's refusal to cancel his removal, however, our jurisdiction is limited to questions of law, which include constitutional claims. *See Ettienne v. Holder*, 659 F.3d 513, 517–18 (6th Cir. 2011); *see also* 8 U.S.C. § 1252(a)(2)(D). Here, the IJ and the Board did specifically consider each of the relevant factors and Aroche-Juarez's evidence in support of them. The substance of Aroche-Juarez's argument, in fact, is that the IJ and the Board gave "little weight" to certain hardship factors that he thinks are sufficient to warrant relief. Aroche-Juarez Br. at 57. He therefore asks us to "second-guess[] the agency's weighing of factors"—which is precisely the sort of review that we lack jurisdiction to undertake. *Ettienne*, 659 F.3d at 518–19. That conclusion remains the same even though Aroche-Juarez "styled [his] appeal" as a question of law. *Id.* at 519.

The petition is dismissed for lack of jurisdiction.